IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RAYMOND E. TAYLOR | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:14CV615 |
| | § | |
| ECMC (aka) EDUCATION CREDIT | § | |
| MANAGEMENT CORP. BOARD, et al. | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER OF**
**UNITED STATES MAGISTRATE JUDGE GRANTING MOTIONS TO DISMISS**

Defendant Educational Credit Management Corporation has filed a Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim Upon Which Relief Can be Granted (Dkt. 39), and Defendants U.S. Department of Education and U.S. Department of Treasury has filed a Motion to Dismiss for Insufficient Service of Process, for Lack of Personal Jurisdiction, for Lack of Subject Matter Jurisdiction, and for Failure to State a Claim (Dkt. 41). As set forth below, the Court GRANTS the motions to dismiss Plaintiff's amended complaint for failure to state a claim.

**DISMISSAL FOR FAILURE TO STATE A CLAIM**

When reviewing a case under Rule 12(b)(6) of the Federal Rules of Civil Procedure to determine whether a plaintiff has stated a claim, the Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule

1

12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of her entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

## ANALYSIS[1]

*Pro se* Plaintiff Raymond E. Taylor filed his Original Complaint in this matter on September 24, 2014. *See* Dkt. 1. Plaintiff's pleadings named the following as Defendants: ECMC (Education Credit Management Corporation), U.S. Department of Education; U.S. Department pf Treasury, Financial Management Services, Dick Boyle, and Rober [sic] Stein. *See* Dkt. 1 at 6. His civil cover sheet indicates that the nature of his suit is "Recovery of Defaulted Student Loans," that the basis of jurisdiction is diversity, that the statute under which he is filing is "U.S. Civil Statue [sic] 20," and that his case could be briefly described as pertaining to "Seized Social Security Funds on False Documentation." Dkt. 1-1. The facts forming the basis of his complaint and the claims he asserted against each Defendant were not clear.

Accordingly, on December 10, 2014, the Court entered an order directing Plaintiff to file an amended complaint setting forth the causes of action he asserts against each Defendant, clearly labeling any cause of action he asserts, detailing the underlying facts supporting the elements of each claim, and specifically alleging the grounds for jurisdiction in this Court. *See* Dkt. 30. On January 6, 2015, Plaintiff filed his amended complaint. *See* Dkt. 32. Defendants then filed motions to dismiss, arguing in part that Plaintiff's amendment fails to comply with the Court's order and still

---

[1] The Court notes that Defendant Educational Credit Management Corporation ("ECMC") has filed a Motion to Dismiss for Insufficient Service of Process on Behalf of Defendants Dick Boyler, Robert A. Stein and Steve Bumbaugh (**Dkt. 24**), arguing that the Individual Defendants were not served in accordance with Federal Rule of Civil Procedure 4. The Governmental Defendants also raise similar arguments. Because the Court finds that Plaintiff has failed to state a claim as to any Defendant, it does not reach whether Defendants were properly served or whether ECMC has standing to assert such defenses on behalf of other Defendants. Those requests are **DENIED as MOOT**.
3

fails to state a claim. As set forth below, the Court finds that Plaintiff has failed to state a claim over which it has jurisdiction.[2]

Although the complaint is not wholly clear to the Court, Plaintiff's claims appear to arise out of a notice of default on a student loan he took out for his daughter in 1985 and the subsequent garnishment of his Social Security payments. Plaintiff appears to contest that he was a guarantor on the student loan or Plaintiff may contest the amount garnished from his Social Security as unpaid student loans. The amended complaint does not, as the Court directed Plaintiff to do, clearly label Plaintiff's causes of action. And, Plaintiff has not stated his grounds for jurisdiction in his amended complaint.

Plaintiff alleges as follows: the U.S. Department of Education "violated 31 U S C 702D C [sic] offered no hearing before seizer [sic], Violated plaintiff civil rights, Fourth Amendment Rights, 42 U S C Sec 1983, U.S. Department of Education Federal Offset, St. Paul, MN 55116. In violation of 31 U S C 3711 / 31 CFR 285.11. Willful and Malicious Injuries 193 US 473 (1904) Tinker Vs Colwell." Dkt. 32 at 4. Plaintiff further argues that "ECMC are [sic] still illegally seizing plaintiff's Funds in the amount of $229.90 adding insult to injury; willful; malicious, injuries without justification. See Exhibit j[3] & statue [sic] 193 US 473 (1904)." *Id.*

---

[2]The Court is mindful that failing to state a claim over which relief can be granted is distinct from dismissing a claim for lack of jurisdiction. Given the lack of clarity in Plaintiff's pleadings in this case, however - and to ensure all deference is given to Plaintiff - the Court has evaluated Plaintiff's pleadings to determine whether any of the facts alleged could give rise to a claim over which it would have jurisdiction.

[3]Exhibit J is correspondence dated 12/24/14 to Plaintiff from the Department of the Treasury regarding the debt owed. *See* Dkt. 32-7. It explicitly states "The U.S. Department of

As the Court has previously noted, the Court's jurisdiction is limited to either: (1) federal question jurisdiction under 28 U.S.C. §1331, or (2) diversity of citizenship jurisdiction under 28 U.S.C. §1332, and the Court may hear only those cases authorized by a federal statute, the Constitution, or U.S. treaty. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed.2d 391 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). It is Plaintiff's burden to prove subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377, 114 S. Ct. at 1675. There being no causes of actions clearly identified by Plaintiff, despite the Court's clear directive for Plaintiff to do so, the Court addresses the federal statutes cited to see whether Plaintiff has stated a claim over which the Court could have federal question jurisdiction. The Court conducts this review out of an abundance of caution and to ensure that *pro se* Plaintiff is not disadvantaged by his lack of counsel.

None of the federal statutes cited are sufficient to state a claim. Primarily, "31 U.S.C. §702D" does not exist and 31 U.S.C. §702 does not set forth a private cause of action but instead defines the Government Accountability Office. Those allegations, even if they were not conlcusory, cannot state a claim here.

Further, Plaintiff has not stated any facts that would show that a private right of action is available to him under 31 U. S. C. § 3711, which addresses collection and compromise by the United States Government or 31 C.F.R. §285.11, which provides procedures for Federal agencies in wage garnishment. Plaintiff's reliance on those statutory and regulatory provisions states no claim. And,

---

the Treasury's Bureau of the Fiscal Service cannot resolve issues regarding debts with other agencies." *Id.* It states no cause of action against any Defendants herein.

although *Tinker v. Colwell,* a United States Supreme Court opinion from 1904 discusses the recovery of damages for wilful and malicious injuries, it does not create a cause of action for the recovery of them in cases regarding wage garnishment. *See Tinker v. Colwell*, 193 U.S. 473, 24 S. Ct. 505 (1904).

This leaves Plaintiff's claim under 42 U.S.C. §1983. Section 1983 provides the statutory vehicle for a civil action for the deprivation of constitutional rights. 42. U.S.C. §1983. Section 1983 does, under certain circumstances, provide for a private right of action over which this Court has jurisdiction. To state a constitutional claim for relief under Section 1983, a plaintiff must allege a violation of a constitutional right by one or more state actors. *Johnson v. Dallas Indep. Sch. Dist.,* 38 F.3d 198, 200 (5th Cir. 1994). As set forth below, Plaintiff has not stated a claim under Section 1983.

First, Plaintiff has not stated the constitutional right he alleges was violated. Moreover, to the extent he alleges he was not afforded due process, no state actor is implicated here such that a claim under Section 1983 would be appropriate. To be a state actor subject to liability under Section 1983, the defendant must act "under color of any statute ordinance, regulation, custom, or usage, of any State of Territory or the District of Columbia." 42 U.S.C. §1983. There is state action only when it can be said that the state is *responsible* for the specific conduct forming the basis of the plaintiff's complaint. *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1349 (5th Cir. 1985) ("The state's role must be active; approval or acquiescence in a private party's actions is not enough."). "The Due Process Clause of the Fourteenth Amendment does not, as a general matter,

6

require the government to protect its citizens from the acts of private actors." *Morin v. Moore*, 309 F.3d 316, 321 (5th Cir. 2002) (citing *DeShaney v. Winnebago County Dep't of Soc. Servs.,* 489 U.S. 189, 195, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989)). As such, private persons generally may not be held liable under Section 1983. *See Richardson v. Fleming,* 651 F.2d 366, 371 (5th Cir. 1981). ECMC is not a state actor, and no claim can be stated against it under Section 1983.

Further, as noted by the Governmental Defendants, 1983 suits cannot be brought against the federal government. *See Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999). And while a plaintiff may bring a constitutional tort claim against an individual federal officer under the theory of *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), the federal government has not waived sovereign immunity on *Bivens* suits. *FDIC v. Meyer*, 510 U.S. 471, 486 (1996). Plaintiff simply has not stated facts to avoid any such immunity as to the Governmental Defendants.

Finally, to the extent Plaintiff contests the amount owed on the loan - which remains unclear to the Court even after the filing of the amended complaint - the Promissory Note for Texas Parent Loan attached to his amended complaint is dated July 19, 1985 (*see* Dkt. 32-1), he attaches disputes with Defendant ECMC dating back to as early as November 2009 (*see* Dkt. 32-4), and Plaintiff has not stated any facts that would show that any state law contract claims against ECMC - had he pleaded such claims - would not be barred by the applicable statute of limitations.

There are simply no facts before the Court, even giving *pro se* Plaintiff the lenience to which he is entitled in his pleadings, that would show the Court how he could state a claim for which relief

could be granted. Plaintiff's complaint does not go beyond mere "labels and conclusions." *Twombly*, 550 U.S. at 555. For this reason, the Court finds that his claims should be dismissed.

Because the Court finds that this case should be dismissed, Plaintiff cannot show a likelihood of success on the merits and his requests for an injunction (**Dkt. 34**) or grant of summary judgment (**Dkts. 37 & 53**) are **DENIED**. And, because the Court has found that no federal question has been stated based on Plaintiff's factual allegations here, all other relief requested by Plaintiff (**Dkts. 50 & 51**) is **DENIED** as **MOOT**.

Defendant Educational Credit Management Corporation's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim Upon Which Relief Can be Granted (**Dkt. 39**) and Defendants U.S. Department of Education and U.S. Department of Treasury's Motion to Dismiss for Insufficient Service of Process, for Lack of Personal Jurisdiction, for Lack of Subject Matter Jurisdiction, and for Failure to State a Claim (**Dkt. 41**) are **GRANTED**, and this case is dismissed with prejudice for failure to state a claim.

**SO ORDERED.**
**SIGNED this 10th day of August, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE